United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TK POWER, INC.,

Plaintiff,

v.

TEXTRON, INC.,

Defendant.

___________________________________/

No. C-04-5098 EMC

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (Docket No. 24)**

Plaintiff TK Power, Inc. ("TK") originally filed suit against Defendant Textron, Inc. ("Textron") and its subdivision, E-Z-GO, for breach of contract, breach of written contract, promissory estoppel, rescission and restitution, and promise without intent to perform. TK now asks leave of the Court to file an amended complaint so as to assert two new causes of action: promise without intent to perform/intentional misrepresentation and negligent misrepresentation.[1] Having reviewed the parties' briefs and accompanying submissions, and having considered the oral argument of counsel, the Court hereby GRANTS TK's motion for leave to file an amended complaint. However, the Court also orders that TK file a more definite statement with respect to the claim for promise without intent to perform/intentional misrepresentation. In addition, the Court strikes the prayer for punitive damages with respect to the claim for negligent misrepresentation.

[1] In its motion, TK states that, "[a]lthough Promise Without Intent to Perform and Intentional Misrepresentation are distinct species of fraud, in this case, the exact same facts support both claims." Mot. at 4.

United States District Court
For the Northern District of California

## I. FACTUAL & PROCEDURAL BACKGROUND

In its original complaint, filed on December 2, 2004, TK alleged that it and Textron had an agreement under which TK would develop *and* produce for Textron approximately 75,000 high frequency on-board solid-state chargers for use in golf and turf vehicles. *See* Compl. ¶¶ 6-10. Subsequently, TK served discovery requests on Textron, including a set of requests for admission. According to TK, upon reviewing Textron's responses to the requests for admission, TK "discovered that [Textron] denied having ever entered into an agreement for the *production* by TK . . . of chargers." Mot. at 3 (emphasis added). Based on the responses to the requests for admission, TK sought to amend its original complaint to add claims for promise without intent to perform/intentional misrepresentation and negligent misrepresentation.

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Although leave shall be freely given, a court has discretion in deciding whether to grant or deny leave. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that "the grant or denial of an opportunity to amend is within the discretion of the District Court"). In *Foman*, the Supreme Court identified the following factors that a court may consider in deciding whether to grant or deny leave to amend: undue delay, bad faith on the part of the movant, repeated failures to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *See id.* Other factors that courts have considered include prejudice to the moving party if leave is denied, judicial economy, the court's ability to manage the amended case, and whether there were previous opportunities to amend. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987); *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985). In the instant case, Textron argues that leave to amend should be denied on the basis of futility.

### B. Futility

If an amendment would be futile, a court may deny leave to amend. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a

motion for leave to amend."). A claim is deemed futile if its defeat will be inevitable on either a motion to dismiss or a motion for summary judgment. *See California ex rel. Dep't of Toxic Substances v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004) ("[F]utility includes the inevitability of a claim's defeat on summary judgment.") (internal quotation marks omitted); *Aviation Support Int'l, Inc. v. Northrop Grumman Corp.*, 221 F.3d 1347 (9th Cir. 2000) ("[T]he district court need not grant leave to amend if a complaint, as amended, is subject to dismissal.") (internal quotation marks omitted).

Textron argues that TK's amendments are futile for three reasons: (1) because the proposed claim for promise without intent to perform/intentional misrepresentation is pled without the requisite particularity; (2) because there are no allegations supporting the prayer for punitive damages with respect to the proposed claim for promise without intent to perform/intentional misrepresentation; and (3) because punitive damages are not available for the proposed claim for negligent misrepresentation.

1. <u>Proposed Claim for Promise Without Intent to Perform/Intentional Misrepresentation</u>

Federal Rule of Civil Procedure 9(b) provides that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Textron argues that TK's proposed claim for promise without intent to perform/intentional misrepresentation fails to meet this requirement.

"To satisfy [Rule 9(b)'s] heightened pleading requirement, the complaint must 'state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.'" *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1315 (N.D. Cal. 1997); *see also Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("'[A]llegations of fraud [must be] specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.' . . . The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity."). The Court agrees with Textron that TK's proposed claim fails to provide some of these specifics. For example, it fails to identify the authors and recipients of certain letters and e-mails that were allegedly fraudulent.

United States District Court
For the Northern District of California

*See* Proposed FAC ¶¶ 23-29. In addition, TK's proposed claim contains general statements lacking in specificity such as: "On more than one occasion prior to July 26, 2002, defendant told plaintiff and/or agents of plaintiff that . . . ." *See id.* ¶¶ 30-33.

While the Court concludes that TK's proposed claim for promise without intent to perform/intentional misrepresentation is lacking in the requisite particularity, the proposed claim is not necessarily futile in the sense that it is incapable of being cured. The Court therefore shall allow the proposed amendment but shall also require TK to provide a more definite statement with the necessary details regarding the alleged fraud. *See, e.g.*, *Guam Investment Co. v. Central Building, Inc.*, 288 F.2d 19, 24 (9th Cir. 1961) (finding that an appropriate solution would be to allow a more definite statement in lieu of dismissal).

Textron further argues, however, that TK's proposed claim is inadequate in a different respect. Specifically, Textron argues that TK failed to allege "facts from which the Court can infer that the allegedly fraudulent statements were actually *false when made*." Opp'n at 4 (emphasis in original; citing *Hsu v. Oz Optics Ltd.*, 211 F.R.D. 615, 620 (N.D. Cal. 2002) (Seeborg, J.) (noting that "promissory fraud is not exempted from the strictures of Rule 9(b), and a plaintiff is required to plead facts from which the Court can infer that the allegedly fraudulent statements were actually false when made")). Textron explains that, in the proposed claim, TK "alleged only that[,] '[a]t the time defendant made the above referenced promises, it had no intention of honoring them.' This general allegation fails to identify with particularity any facts demonstrating that E-Z-GO harbored any intention not to be bound by the terms of the contract *at the time it was formed*." Opp'n at 4 (emphasis in original).

A court in this District has stated, "[a]lthough intent can be averred generally under Rule 9(b),[[2]] a plaintiff must point to *facts* which show that defendant harbored an intention not to be bound by terms of the contract at formation." *Hsu*, 211 F.R.D. at 620 (emphasis in original).

[2] "Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b).

United States District Court
For the Northern District of California

However, such facts need not be alleged with the same degree of particularity as the circumstances that constitute the fraud. In *Cooper v. Pickett*, 137 F.3d 616, 628 (9th Cir. 1997).[3] The court held:

> [W]hen a complaint alleges with particularity the circumstances constituting fraud, as required by [Rule 9(b)], then generally it will also have set forth facts from which an inference of scienter could be drawn . . . . If, however, [defendant's argument] is read . . . to mean that Rule 9(b) contains an *independent* requirement that the complaint allege with particularity facts giving rise to an inference of scienter -- which we would take to mean alleging such things as that defendants had read or otherwise knew about particular documents giving rise to an inference that the charged statements were false when made -- then we decline to adopt it."

*Id.* (emphasis in original). *See Sunnyside Development Co. v. Opsys Ltd.*, No. C 05-0553 MHP, 2005 WL 1876106, at *5 (N.D. Cal. Aug. 8, 2005) (Patel, J.) ("It is true that the requirement for pleading scienter [under Rule 9(b)] is less rigorous than that which applies to allegations regarding the 'circumstances that constitute fraud' . . . . Nonetheless, nothing in the Federal Rules of Civil Procedure relieves a plaintiff of the obligation to 'set forth facts from which an inference of scienter could be drawn.'").

Although it may be argued that TK has not provided facts to support an inference of fraudulent intent at the time of formation, this problem does not make the proposed claim futile. TK contends that scienter is inferred from the fact that Textron "has expressly denied in its admissions responses that it had planned to buy on-board high frequency chargers from TK when it entered into the agreement with TK." Reply at 4 . Such an allegation, if provided in a more definite statement, will suffice.

2. Prayer for Punitive Damages for Proposed Claim for Promise Without Intent to Perform/Intentional Misrepresentation

Textron challenges still the prayer for punitive damages with respect to the proposed claim for promise without intent to perform/intentional misrepresentation. More specifically, Textron contends that the prayer for punitive damages cannot be supported by only general allegations that E-Z-GO's conduct was malicious, oppressive, or fraudulent because Rule 9(b) requires particularity.

---

[3] *Cooper* was superceded in private securities fraud actions by Private Securities Litigation Reform Act of 1995 (PSLRA) § 101(b), 15 U.S.C. § 78u-4(b)(1)-(2) (2000), which is inapplicable here.

Textron, however, has cited no authority establishing that Rule 9(b) requires a claim for punitive damages to be pled with particularity. Existing authority suggests otherwise. *See Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016, 1019 (S.D. Cal. 2000) ("In federal court, a plaintiff may include a 'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent."); *accord Northwest Pipe Co. v. Travelers Indem. Co. of Conn.*, No. C 02-4189 JF, 2003 WL 24027882, at *2 (N.D. Cal. Feb. 12, 2003) (Fogel, J.) ("Plaintiff need not plead evidentiary facts to support his contention that Defendant had the requisite mental state to impose punitive damages under § 3294."); 5A Wright & Miller, Fed. Prac. & P. § 1301 ("When the malice of a person is in issue, a general averment will suffice, even when it is an element of the plaintiff's cause of action or of his claim for punitive damages."). In any event, the Rule 9(b) requirement to plead circumstances surrounding fraud with particularity and to plead facts that will support an inference of fraudulent intent if met, will satisfy the claim for punitive damages. The Court therefore shall allow TK to include as part of its claim for promise without intent to perform/negligent misrepresentation the prayer for punitive damages.

3. Proposed Claim for Negligent Misrepresentation

Finally, Textron argues that TK's proposed claim for negligent misrepresentation is problematic because it includes a prayer for punitive damages and such damages are not available as a matter of law for that cause of action. Textron is correct that "[p]unitive damages are not recoverable for negligent misrepresentation." *Tri-Delta Eng'g, Inc. v. Ins. Co. of N. Am.*, 80 Cal. App. 3d 752, 759 (1978). Therefore, the prayer for punitive damages with respect to this claim is futile. Because, however, the claim for negligent misrepresentation is not in and of itself improper (at least, Textron has not made any such argument), the Court shall allow TK to amend its complaint to include the claim but shall strike the request for punitive damages. *See, e.g., Safeway Stores, Inc. v. National Union Fire Ins. Co.*, 64 F.3d 1282, 1290 (9th Cir. 1995) (affirming the district court's decision to strike an invalid punitive damages prayer).

///

///

///

United States District Court
For the Northern District of California

## III. CONCLUSION

For the foregoing reasons, the Court grants TK's motion for leave to amend. TK shall immediately file with the Court the proposed first amended complaint attached to its motion for leave to amend. However, TK is ordered to file a more definite statement to address the deficiencies discussed above by October 19, 2005. In addition, the Court shall strike from the first amended complaint the prayer for punitive damages associated with the claim for negligent misrepresentation. Textron shall file an answer to the amended complaint within twenty days after being served with TK's more definite statement.

This order disposes of Docket No. 24.

IT IS SO ORDERED.

Dated: October 7, 2005

EDWARD M. CHEN
United States Magistrate Judge