**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TK POWER, INC., | No. C-04-5098 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING AS MOOT PLAINTIFF'S MOTIONS TO COMPEL; AND GRANTING PLAINTIFF'S MOTION FOR REASONABLE ATTORNEY'S FEES** |
| TEXTRON, INC., | |
| Defendant. | **(Docket Nos. 33, 36, 42)** |
| _____/ | |

On September 19, 2005, Plaintiff TK Power, Inc. ("TK") filed three discovery motions: (1) a motion to compel further responses to interrogatories and requests for production; (2) a motion to determine the sufficiency of answers/objections to requests for admission, and (3) a motion for reasonable attorney's fees (*i.e.*, sanctions). On September 28, 2005, the Court ordered the parties to further meet and confer on all three motions. Subsequently, the parties reported back to the Court that they had resolved all discovery disputes with the exception of the motion for sanctions.

Given the parties' agreement on the first two motions, the Court hereby DENIES both of the motions as moot. As for the motion for sanctions, having considered the parties' briefs and accompanying submissions, and good cause appearing therefor, the Court hereby GRANTS the motion and awards fees in the amount of $1,650. This award is made pursuant to Federal Rule of Civil Procedure 37(a)(4)(A).

## I. DISCUSSION

TK's motion for sanctions is based on Defendant Textron, Inc.'s ("Textron") alleged failure to comply with discovery, the subject of the two motions to compel listed above. Under Federal

Rule of Civil Procedure 37(a)(4)(A), if a motion to compel is granted, *or* if the requested discovery is provided after the motion to compel was filed,

> the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A).

A.  <u>Motion to Compel Further Responses to Interrogatories and Requests for Production</u>

The Court finds that fees are not warranted with respect to the motion to compel further responses to interrogatories and requests for production. This motion to compel addressed only one interrogatory and nine requests for production.

Textron's response to Interrogatory No. 9 was substantially justified. The interrogatory asked Textron to identify the dates on which it determined that each defect with TK's charger existed. In response, Textron stated that it did not know the specific date it first received a charger from TK; however, Textron knew the charger was defective from the date of the delivery of the first prototype. This was a sufficient response. Textron could not provide further information in response to the interrogatory if it did not have it.

As for the requests for production, the circumstances are such that an award of fees here would be unjust. The failure of Textron to provide further responses was simply a mistake, a fact that TK acknowledged at the hearing on the motion for sanctions.

B.  <u>Motion to Determine Sufficiency of Answers/Objections to Requests for Admission</u>

Although the Court shall not award sanctions for the first motion to compel, it shall do so for the second motion to compel -- *i.e.*, the motion to determine the sufficiency of answers/objections to the requests for admission ("RFA").

Textron argues that fees should not be awarded for this motion because TK failed to adequately meet and confer. However, there was some effort to meet and confer; moreover, it is

2

unlikely that any further meet and confer would have resolved the dispute regarding the requests for admission. Both parties have steadfastly maintained their positions with respect to the proper use of these requests. The question for the Court, therefore, is whether Textron's position regarding the requests for admission was substantially justified.

Under Federal Rule of Civil Procedure 36(a), "[a] party may serve upon any other party a written request for the admission . . . of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact." Fed. R. Civ. P. 36(a); *see also id.*, 1970 advisory committee notes (emphasizing that requests for admission need not be about matters of fact but may cover matters of opinion and matters involving mixed law and fact). In the instant case, all of the requests at issue concern statements, opinions of fact, or the application of law to fact; none are directed at pure legal questions. Textron argues, however, that TK's requests for admission are still improper because requests for admission are not a discovery tool like interrogatories or requests for production; instead, they should be used only to narrow issues for trial, *e.g.*, to set aside issues about which there is no dispute. Textron also contends that TK's requests for admission are open to interpretation and that Textron should not be required to be bound by TK's language or wording. *See* Opp'n at 8 (citing *T. Rowe Price Small-Cap. Fund v. Oppenheimer & Co.*, 174 F.R.D. 38, 44 (S.D.N.Y. 1997), and *Russo v. Baxter Healthcare Corp.*, 51 F. Supp. 2d 70, 79 (D.R.I. 1999)).

The Court rejects both of Textron's arguments. Regarding the first argument, the Court is not persuaded that requests for admission are not a discovery tool. Rule 36 is located within the part of the Federal Rules of Civil Procedure that cover discovery, and nothing in the language of Rule 36, or any other Federal Rule, distinguishes requests for admission from other discovery requests such as interrogatories or requests for production. In addition, the 1970 advisory committee notes state that the purpose of requests for admission is not just to "narrow the issues by eliminating those that can be [narrowed]" but also "to facilitate proof with respect to issues that cannot be eliminated from the case." Fed. R. Civ. P. 36(a), 1970 advisory committee notes; *see also* Schwarzer *et al.*, Cal. Prac. Guide Fed. Civ. P. Before Trial ¶ 11:1970 ("Some cases say RFAs are really *not* a 'discovery' device because an RFA assumes that the requesting party already knows the fact or has the document and

3

merely seeks the opposing party to authenticate its genuineness. But in reality, RFAs *are* a discovery device with two functions. One function is to determine the opposing party's contentions (similar to one of the functions served by interrogatories). The other function is to narrow the scope of the case by removing issues from the case once and for all.") (emphasis added). According to the advisory committee notes, the only restriction on requests for admission is that they cannot be used for "admissions of law unrelated to the facts of the case." Fed. R. Civ. P. 36(a), 1970 advisory committee notes.

As for the second argument, the requests for admission at issue are not exactly open to interpretation as claimed by Textron. RFA No. 48 is a representative example. The request is clear and easy to understand, asking Textron to admit that it "did not tender to TK Power any payment under a purchase order for on-board high frequency charger prototypes *until* some date in December 2002" (emphasis added). Textron's answer was not responsive, stating only that it paid TK "$33,750.00 *on* December 3, 2002" (emphasis added). Textron failed to address whether it made any payments prior thereto. Textron's response is especially inappropriate given the Ninth Circuit's directive that requests for admission should be answered frankly. *See Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994) ("Farris could have provided frank answers to these requests, which were clearly designed to establish causation."). "[T]o aid the quest for relevant information parties should not seek to evade disclosure by quibbling and objection. They should admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." *Id.*

Accordingly, the Court finds that Textron's responses to the requests for admission at issue were not substantially justified and that sanctions are appropriate. The Court notes, however, for future guidance for the parties, that although requests for admission are a discovery tool, they should not be abused. While there is no limit under the Federal Rules as to the number of requests that can be propounded, discovery is still constrained by Rule 26(b), which takes into the account the benefit versus the burden of discovery.

C.     <u>Amount of Sanctions</u>

As to the proper amount of sanctions, TK argues that it should be compensated for 26.7 hours of work spent by its attorney at an hourly rate of $275. *See* Brown Decl. ¶ 41.

4

Given the years of experience of counsel, the hourly rate of $275 is reasonable. However, the number of hours claimed is not. More specifically, the Court shall not compensate TK for the hours spent by counsel meeting and conferring because such would have been required regardless of whether TK had to bring any motion to compel.

TK notes that its attorney still spent 11.1 hours on the two motions to compel and another 1.4 hours on the motion for sanctions. *See id.* At the hearing on the motion for sanctions, counsel for TK added that, with respect to the 11.1 hours, two-thirds of that time was spent on the motion concerning the requests for admission (*i.e.*, 7.4 hours). In short, TK asks to be compensated for 8.8 hours total (*i.e.*, 7.4 + 1.4 = 8.8). Under Rule 37(a)(4)(A), however, a party is not necessarily compensated for the actual hours spent; the question for the Court is what a reasonable number of hours would be. Here, neither the motion to compel regarding the requests for admission nor the motion for sanctions was complex; indeed, both were straightforward and simple, and should have taken relatively little time to prepare. The Court therefore finds that a reasonable number of hours is 6.0. Accordingly, the Court awards sanctions pursuant to Rule 37(a)(4)(A) in the amount of $1,650 (*i.e.*, $275 x 6.0 = $1,650).

## II.  CONCLUSION

For the foregoing reasons, the Court grants TK's motion for sanctions and awards fees in the amount of $1,650.

The Court also orders the parties to meet and confer regarding the most recent set of requests for admission that were served by TK on Textron, taking into account the guidance regarding the use of requests for admission provided above. During the meet and confer, the parties should agree upon a date for responses to the requests for admission.

Finally, the Court instructs the parties that, for all future discovery disputes, the parties shall be required to meet and confer in person. If the meet and confer does not resolve all disputes, then the parties shall file a joint letter with the Court regarding the remaining disputes. The joint letter should reflect when the in-person meet and confer took place, how long it lasted, and who participated. For each dispute, the parties should provide brief statements in support of their respective positions. Each party's position should be stated succinctly (*e.g.*, in one paragraph). The

purpose of the joint letter is to inform the Court of the essence of the dispute in lieu of full briefing. The Court may order full briefing and/or a hearing if necessary.

This order disposes of Docket Nos. 33, 36, and 42.

IT IS SO ORDERED.

Dated: November 18, 2005

_____
EDWARD M. CHEN
United States Magistrate Judge