UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TK POWER, INC.,

    Plaintiff,

v.

TEXTRON, INC.,

    Defendant.
_____/

No. C-04-5098 EMC

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE**
**(Docket No. 61)**

    Defendant Textron, Inc. has filed a motion to strike the first amended complaint filed by Plaintiff TK Power, Inc. Having considered the parties' briefs and accompanying submissions, the Court hereby finds that the matter may be resolved based on the papers alone and DENIES the motion to strike.

**I.   DISCUSSION**

    On October 7, 2005, the Court issued an order granting TK's motion for leave to file an amended complaint. In the order, however, the Court also required TK to file a more definite statement with respect to its claim for promise without intent to perform/negligent misrepresentation. TK was instructed (1) to file immediately the proposed first amended complaint attached to its motion for leave to amend and (2) to file its more definite statement by October 19, 2005.

    It appears that TK did not strictly comply with the Court's order of October 7. TK did immediately file on October 8, 2005, a first amended complaint. However, it was not the same document that had been attached to its motion for leave to file an amended complaint. In addition,

1  TK did not file by October 19 a more definite statement.  Instead, the first amended complaint that
2  was filed on October 8 contained additional allegations apparently designed to address the need for a
3  more definite statement.

4  As a preliminary matter, the Court finds that, although there has not been strict compliance
5  with its order of October 7, it shall not strike the first amended complaint filed on October 8 on that
6  basis.  To do so would elevate form over substance; moreover, Textron has not been prejudiced in
7  any way.

8  Textron argues, however, that the first amended complaint filed on October 8 is still
9  deficient.  More specifically, it asserts that TK has still failed to allege facts showing that Textron
10 had an intention not to be bound by the terms of the contract at the time of formation.  *See* Mot. at 3.

11 In its October 7 order, the Court stated as follows:

> Although it may be argued that TK has not provided facts to support an inference of fraudulent intent at the time of formation, this problem does not make the proposed claim futile.  TK contends that scienter is inferred from the fact that Textron "has expressly denied in its admissions responses that it had planned to buy on-board high frequency chargers from TK when it entered into the agreement with TK."  Reply at 4.  Such an allegation, if provided in a more definite statement, would suffice.

Order of 10/7/05, at 5.

In response to the statement above, TK included the following allegation in its first amended complaint filed on October 8:

> 34.   At the time defendant made the above-referenced promises, it had no intention of honoring them.  Plaintiff has a number of reasons for believing that defendant never intended to comply with its promise to purchase chargers from it.  In particular, defendant evidenced its 2002 intent not to comply with its promises to purchase chargers by denying, in response to plaintiff's third admission request propounded in the instant action, that it "selected TK Power to develop *and produce* [emphasis added] an on-board high frequency charger for you."  Defendant further denied, in response to the eight admissions request propounded in the instant action, that "at some time in 2002, [it] planned to buy on-board high frequency chargers from TK Power after successful development of an on-board high frequency charger and completion of testing of it."

FAC ¶ 34.

United States District Court
For the Northern District of California

2

1	The Court finds that, by including the above allegation, TK has sufficiently supported its
2	claim for promise without intent to perform/negligent misrepresentation.
3	Textron tries to argue otherwise for two reasons. First, it asserts that TK's "shorthand
4	reference to the requests [for admission] and answers are misleading." Mot. at 4. As fully set out,
5	"there is no basis upon which a reasonable person could infer that, at the time of formation of the
6	contract, there was an intent not to be bound by its terms." *Id.* The Court disagrees. The Court has
7	independently reviewed the requests for admission at issue and the responses. The first amended
8	complaint alleges that Textron never had the intent to abide by its promises at the time that it made
9	them, *i.e.*, that it hired TK to develop *and produce* chargers, and the factual bases for this allegation
10	are Textron's denials to the requests, in which it claimed that it only agreed to buy five *prototype*
11	chargers.
12	Second, Textron argues that "[r]esponses to requests for admission are not the type of facts
13	which the court in *Hsu*, *supra*, and *Silicon Knights, Inc v. Crystal Dynamics, Inc.*, 983 F. Supp.
14	1303, 1315 (N.D. Cal. 1997), require to support a claim." *Id.* at 5. But *Hsu* and *Silicon Knights* do
15	not hold that one cannot infer a fraudulent intent based on a response to a request for an admission.
16	Moreover, this Court already held otherwise in its October 7 order; this is the law of the case.

## II.  CONCLUSION

18	Accordingly, for the foregoing reasons, Textron's motion to strike is denied. The hearing on
19	the motion, which was set for December 7, 2005, is also VACATED. The Further Status
20	Conference set for 10:30 a.m. on December 7, 2005 has been changed to 2:30 p.m. on December 7,
21	2005.
22	This order disposes of Docket No. 61

24	IT IS SO ORDERED.

26	Dated: November 28, 2005

EDWARD M. CHEN
United States Magistrate Judge

3

4