**United States District Court**
For the Northern District of California

1
2
3
4
5      UNITED STATES DISTRICT COURT
6      NORTHERN DISTRICT OF CALIFORNIA
7
8   TK POWER, INC.,                                    No. C-04-5098 EMC
9              Plaintiff,
10        v.                                **ORDER RE DEPOSITION TESTIMONY**
                                            **OF STACEY GORDON**
11  TEXTRON, INC.,
12             Defendant.
13  _____/
14
15        TK seeks to introduce in its case-in-chief excerpts from the discovery deposition testimony
16  of Stacey Gordon.  Gordon will not appear live at trial but, pursuant to this Court's Pretrial
17  Conference Order of April 28, 2006, will appear via a videotaped trial deposition taken last week.
18  Textron now objects to TK's use of the discovery deposition as improper hearsay.
19        The objection is **OVERRULED**.  This Court's First Amended Case Management and
20  Pretrial Order of December 9, 2005 requires each party, before the Pretrial Conference, to
21  "Designate excerpts from discovery that the parties intend to present at trial, other than solely for
22  impeachment or rebuttal, from depositions specifying the witness page and line references . . . "
23  Para. 5(d)(iii).  Clearly, such designations encompass excerpts intended to be used in the designating
24  party's case-in-chief since it excludes those excerpts used for "impeachment or rebuttal."  TK served
25  and filed such designations as part of the parties' Joint Amended Pretrial Statement filed herein.  In
26  response to the designation, Textron stated it had no objection to the designations from the Gordon
27  discovery deposition.  It therefore waived any right to object on the grounds of hearsay, knowing
28  that TK's designation encompassed possible use in its case-in-chief.  This is so even though at the

**United States District Court**
For the Northern District of California

time Textron anticipated Gordon would be available to testify live at trial.  It had a hearsay ground for objection but failed to make one.  That Gordon will now testify via the videotaped trial deposition taken last week instead of live, makes no difference.  Textron had the opportunity to object on basis of hearsay but failed to do so.

Moreover, the fact that Textron has been given the ability to examine and/or cross-examine Gordon in the trial deposition which can be admitted into evidence satisfies any fairness concerns that might have arisen if TK were permitted to introduce into evidence a one-sided discovery deposition in which Textron decided not to cross for tactical reasons.

As to Textron's objections that TK's questions at the discovery deposition might have been leading, this Court's standing Order for Civil Practice in Cases Assigned for All Purposes to Magistrate Judge Edward M. Chen states that "Deposition objections must be as to privilege or form only." (Para. 18.)  If Textron did object on the deposition record on the ground of leading questions and wants to now assert the objection at trial, it must alert the Court in advance so the Court can rule and either require the answer to any sustained objection be deleted from the videotape or the jury instructed to disregard the answer.  If no objection was made at the deposition, it is waived.

Textron's objection to the use of the Gordon discovery deposition is overruled.

IT IS SO ORDERED.

Dated:  May 9, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge