1

2

3

4

5               UNITED STATES DISTRICT COURT

6               NORTHERN DISTRICT OF CALIFORNIA

7

8   TK POWER, INC.,                              No. C-04-5098 EMC

9               Plaintiff,

10       v.                                      **ORDER DENYING DEFENDANT'S
                                                MOTION FOR JUDGMENT AS A
                                                MATTER OF LAW ON NEGLIGENT**
11   TEXTRON, INC.,                             **MISREPRESENTATION CLAIM AND
                                                ALTERNATIVE MOTION TO ALTER**
12               Defendant.                     **OR AMEND JUDGMENT**
    _____/
13                                              **(Docket No. 227)**

14

15

16       Defendant's motion came on for hearing on June 14, 2006.  Having considered the papers

17   filed in support of and in opposition to the motion, the record in this case, and the argument of

18   counsel, and good cause appearing therefor, the Court hereby **DENIES** the motion.

19       The issue presented by Defendant's motion is not whether the jury should have found in

20   Defendant's favor on the negligent misrepresentation claim, but whether a reasonable jury could

21   have found for the Plaintiff – whether there was a "legally sufficient evidentiary basis for a

22   reasonable jury to find" for the Plaintiff.  Fed. R. Civ. P. 50(a).  The parties do not dispute that the

23   standard is identical to the summary judgment standard under Rule 56.  Moore's Federal Practice

24   (3d ed.), Section 50.06[5][b].  While the evidence in support of the plaintiff must be more than a

25   "mere scintilla," *Chisholm Bros. Farm Equip. Co. v. International Harvester Co.,* 498 F.2d 1137,

26   1140 (9th Cir.), *cert. denied*, 419 U.S. 1023 (1974), all the evidence and all reasonable inferences

27   which may be drawn from the evidence must be viewed in a light most favorable to the non-moving

28   party.  *Janich Bros., Inc. v. The American Distilling Co.*, 570 F.2d 848, 853  (9th Cir. 1977).

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1  Moreover, the court is not free to weigh the party's evidence at trial, nor to pass on the credibility of

2  the witnesses.  *Nelson v. Silverman*, 1995 U.S. Dist. LEXIS 12562 (S.D. Cal. 1995) at *4.

3          Viewing the evidence and inferences most favorably to TK Power, the Court concludes there

4  is a legally sufficient basis for a reasonable jury to find for TK Power on the negligent

5  misrepresentation claim.  As clarified by the papers, the alleged misrepresentation by Textron/E-Z-

6  GO is John Cochoy's statement that "they definitely decided they were going with an on-board

7  charger."  The representation that a decision had been made is an assertion of a present or past fact,

8  not a future promise or prediction, and is therefore actionable.  *Tarmann v. State Farm Mut. Aut. Ins.*

9  *Co.*, 2 Cal.App.4th 153, 158 (1991).

10          The question is whether there is sufficient evidence that said misrepresentation was

11  inaccurate (and thus from which a jury may infer that Mr. Cochoy did not have a reasonable basis

12  for making the representation).  In its papers and at the hearing herein, TK Power pointed to the

13  following facts:

14

15          1.      It took more than a year after Mr. Cochoy's statement for Textron/E-Z-GO to enter

16  into a contract to build the prototype.

17          2.      When it finally issued the purchase order, Textron/E-Z-GO agreed only to pay for the

18  development of the prototype; it did *not* agree or commit to purchasing the beta units or the ultimate

19  mass production (even on a conditional or contingent basis).

20          3.      It only devoted one staff person to the project, and he was often pulled from the

21  project to work on other matters.

22          4.      There was a lengthy delay in issuing the purchase order after Textron/E-Z-GO told

23  TK Power it had been selected to develop the charger, and there was an additional delay in issuing

24  the payment.

25          5.      Textron/E-Z-GO decided to review all aspects of the charger, including those which

26  seemed fundamental to the project in 2003 (including cost efficiency, safety concerns, and

27  marketing analysis).

28

2

**United States District Court**
For the Northern District of California

1    As TK Power points out, subsequent failure to perform or conduct inconsistent with an

2  earlier promise or representation can warrant an inference that a party did not intend to perform

3  when they promised. *Longway v. Newbery*, 13 Cal.2d 603, 611-12  (1939).  On the other hand, an

4  inference of fraud is more compelling when the failure to perform a promise is immediate. *Kaylor v.*

5  *Crown Zellerbach, Inc.*, 643 F.2d 1362, 1368 (9th Cir. 1981).  Moreover,  initial performance in

6  accordance with a promise negates an inference of fraud.  *Id.*  Here, Textron/E-Z-GO can argue that

7  the 2003 review is remote and came only after its good faith effort to development the charger – it

8  did contract and pay for the development of the prototype.  If TK Power were to rely solely on the

9  2003 review, judgment as a matter of law might be warranted.  However, TK Power has cited a

10 number of facts, in addition to the 2003 review.

11    The Court concludes that under the lenient and favorable standards applicable under Rule

12 50(b), Textron/E-Z-GO is not entitled to judgment as a matter of law.  Since no judgment has been

13 entered, the Court denies the motion to amend the judgment under Rule 59(e).

14    This Order disposes of Docket No. 227.

15

16    IT IS SO ORDERED.

17

18 Dated:  July 18, 2006

19    _____
      EDWARD M. CHEN
20    United States Magistrate Judge

21

22

23

24

25

26

27

28